**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02529-CMA-NYW

BRIANNA ZAPATA,

     Plaintiff,

v.

COLORADO CHRISTIAN UNIVERSITY,
JOANNIE DEBRITO, in her official and individual capacities,
SHARON FELKER, in her official and individual capacities,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

     This matter comes before this court for recommendation on Defendants Colorado Christian University ("CCU"), Joannie DeBrito, and Sharon Felker's (collectively, "Defendants") Motion to Dismiss Plaintiff's Third Claim for Relief Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion" or "Motion to Dismiss"), filed January 7, 2019. *See* [#24]. This court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated November 29, 2018 [#12], the Order Referring Case dated November 29, 2018 [#12], and the Memorandum dated January 8, 2019, *see* [#25], and concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion, related briefing, and applicable case law, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED IN PART and DENIED IN PART**.

### BACKGROUND

     This court draws the following facts from the Complaint [#1] and presumes they are true for purposes of the instant Motion. Plaintiff Brianna Zapata ("Plaintiff" or "Ms.

Zapata"), a resident of Orange County, California, transferred to CCU, a private university located in Lakewood, Colorado, in or about August 2016. *See* [#1 at ¶¶ 1-2, 7, 9]. Ms. Zapata alleges that her transfer to CCU was difficult for her, so she sought counseling at CCU for anxiety and depression. *See* [*id.* at ¶ 9]. Then, on or about October 3, 2016, Plaintiff met with a CCU therapist and disclosed to the therapist that she sometimes had suicidal thoughts. *See* [*id.* at ¶ 10]. The CCU therapist contacted representatives from the Jefferson Center for Mental Health, who later interviewed Ms. Zapata before transferring her to Lutheran Medical Center for medical testing. *See* [*id.* at ¶¶ 10-11]. Ms. Zapata then underwent a psychological evaluation at West Pines; she spent the evenings of October 3 and 4 at West Pines before doctors determined she was well enough to return to CCU on October 5, 2016. *See* [*id.* at ¶¶ 11-12].

Following her release from West Pines, Ms. Zapata contacted her residence advisor about her intent to return to CCU. *See* [#1 at ¶ 13]. But, according to Ms. Zapata, Defendant Joannie DeBrito ("Ms. DeBrito") informed Ms. Zapata that she was no longer welcome at CCU. *See* [*id.* at ¶¶ 13-14]. Ms. DeBrito allowed Plaintiff to pack her belongings from her dorm room, but then allegedly coerced Plaintiff into signing a hardship withdrawal form. *See* [*id.* at ¶ 16]. Plaintiff informed her parents of Ms. DeBrito's decision, and Plaintiff's parents sought clarification from Ms. DeBrito to no avail. *See* [*id.* at ¶¶ 15-16]. Both Ms. Zapata and her parents sought reasons for Ms. Zapata's withdrawal from CCU officials, including Defendant Sharon Felker ("Ms. Felker"), but learned only that Plaintiff's "observed behaviors" was the reason for her forced withdrawal. *See* [*id.* at ¶¶ 18-19]. Plaintiff alleges that CCU was unwilling to provide more information concerning her forced withdrawal, although she learned from one official that

Ms. DeBrito misrepresented the circumstances of her forced withdrawal, and believes Defendants discriminated against her because of a disability (depression).  *See* [*id.* at ¶¶ 19-21].

Plaintiff initiated this civil action on October 3, 2018, invoking the court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.  *See* [#1].  She asserts that Defendants discriminated against her because of her disability in violation of § 504 of the Rehabilitation Act ("Claim 1"), Title III of the Americans With Disabilities Act ("Claim 2"), and the Colorado Anti-Discrimination Act ("Claim 3"), as well as that Defendants breached their enrollment contract with Plaintiff upon her forced withdrawal ("Claim 4").  *See generally* [*id.*].  On January 7, 2019, Defendants filed their Answer as to Claims 1, 2, and 4 and the instant Motion to Dismiss Claim 3, arguing that Ms. Zapata failed to exhaust her administrative remedies under CADA prior to bringing suit.[1]  *See* [#23; #24].  Ms.

---

[1] There is some ambiguity as to whether Ms. Zapata's failure to exhaust her administrative remedies is an affirmative defense to suit that Defendants may raise under Rule 12(b)(6), *see Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) (holding that "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."); *Bank v. Allied Jewish Fed'n of Colo.*, 4 F. Supp. 3d 1238, 1243 (D. Colo. 2013) (dismissing under Rule 12(b)(6) the plaintiff's CADA claim for failure to exhaust administrative remedies), or whether it deprives this court of subject matter jurisdiction over CADA claims, *see Robinson v. Reg'l Transp. Dist.*, No. 16-CV-2870-WJM-MJW, 2018 WL 2414866, at **3-4 (D. Colo. May 29, 2018) (dismissing under Rule 12(b)(1) the plaintiff's CADA claim for failure to exhaust administrative remedies); *Jackson v. City & Cty. of Denver*, No. 11-CV-02293-PAB-KLM, 2012 WL 4355556, at *2 (D. Colo. Sept. 24, 2012) (same).  While CADA at times speaks in terms of jurisdiction, *see* Colo. Rev. Stat. § 24-34-306(2)(b)(I)(C) ("[I]f the charging party does not file an action within the time limits specified . . ., the action will be barred, and no district court shall have jurisdiction to hear the action."), it is not established that Ms. Zapata's alleged failure in this matter deprives the court of subject matter jurisdiction. Indeed, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") is considering a similar issue under Title VII.  *See Cirocco v. McMahon*, 294 F. Supp. 3d 1086, 1092-94 (2018) (discussing tension under Tenth Circuit precedent).  While this court does not assume subject matter jurisdiction, the distinction does not affect this

Zapata has since responded to the Motion to Dismiss, *see* [#28], and Defendants have replied, *see* [#32].  Because the Motion to Dismiss is ripe for Recommendation, I consider the Parties' arguments below.

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  A plaintiff may not rely on mere labels or conclusions, "and a formulistic formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible.").  The court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)

## ANALYSIS

---

court's ultimate recommendation, and thus I consider Defendants' Motion under Rule 12(b)(6).

At issue on the instant Motion is whether the Colorado Anti-Discrimination Act ("CADA"), Colo. Rev. Stat. § 24-24-301 *et seq.*, requires Ms. Zapata to exhaust her administrative remedies with the Colorado civil rights division (the "division") before she may assert a claim for its violation in either in state or federal court.  For the following reasons, I conclude that she must.

Relevant here, CADA prohibits places of public accommodation, including "educational institutions," from directly or indirectly refusing, withholding, or denying "the full and equal enjoyment of [its] goods, services, facilities, privileges, advantages, or accommodations" based on an individual's disability.  *See* Colo. Rev. Stat. §§ 24-34-601(1)-2(a).  Within 60 days of the alleged discrimination, a plaintiff must file a charge of discrimination pursuant to § 24-34-306[2] with the division or else "it shall be barred."  Colo. Rev. Stat. § 24-34-604.  Indeed, CADA commands that "No person may file a civil action in a district court in this state based on an alleged discriminatory or unfair practice prohibited by parts 4 to 7 of this article without first exhausting the proceedings and remedies available to him" unless proving that exhaustion "would not provide timely and reasonable relief and would cause irreparable harm."  *Id.* § 306(14); *see also Brooke v. Rest. Servs., Inc.*, 906 P.2d 66, 72 (Colo. 1995) (holding that "section 24-34-306(14) was intended to require only that an individual claimant exhaust administrative remedies for

---

[2] Colo. Rev. Stat. § 24-34-306(1)(a) provides:

> Any person claiming to be aggrieved by a discriminatory or unfair practice as defined by parts 4 to 7 of this article may, by himself or herself or through his or her attorney-at-law, make, sign, and file with the division a verified written charge stating the name and address of the respondent alleged to have committed the discriminatory or unfair practice, setting forth the particulars of the alleged discriminatory or unfair practice, and containing any other information required by the division.

claims brought pursuant to [CADA].").  Exhaustion is "a condition precedent to bringing an action in district court, . . . and a right-to-sue letter will often serve as evidence that a party complied with this requirement."  *City of Colorado Springs v. Conners*, 993 P.3d 1167, 1169 n.3 (Colo. 2000) (citing Colo. Rev. Stat. § 24-34-306(14)).

Based on the foregoing, Defendants argue that Plaintiff has not and cannot allege that she exhausted her administrative remedies prior to filing suit.  *See* [#24 at 5].  That is, Ms. Zapata does not allege that she filed a charge of discrimination within 60 days of the alleged discrimination and the time to do so has since expired.  *See* [*id.* at 5-6].  Plaintiff responds that she must exhaust her administrative remedies only if filing suit in <u>state</u> court, because § 24-34-306(14) speaks to "a district court in this state" which necessarily means Colorado state courts.  *See* [#28 at 2].  Ms. Zapata further contends that failure to exhaust is an affirmative defense and therefore Defendants cannot raise it in a Rule 12(b)(6) Motion to Dismiss, and that requiring Ms. Zapata to file a charge of discrimination within 60 days would artificially restrict the two-year statute of limitations applicable to CADA claims.  *See* [*id.* at 3-4].  Respectfully, I disagree with Ms. Zapata.

Beginning with Ms. Zapata's latter two contentions, this court first respectfully disagrees that Defendants may not raise exhaustion as an affirmative defense on a Rule 12(b)(6) Motion to Dismiss.  *See Bank v. Allied Jewish Fed'n of Colo.*, 4 F. Supp. 3d 1238, 1243 (D. Colo. 2013) (dismissing under Rule 12(b)(6) the plaintiff's CADA claim for failure to exhaust administrative remedies); *accord Cirocco v. McMahon*, 294 F. Supp. 3d 1086, 1095-97 (D. Colo. 2018) (dismissing the plaintiff's Title VII claims on a motion to dismiss for lack of subject matter jurisdiction based on a failure to exhaust).  The Parties cite, and this court found, no controlling authority from the Colorado state courts to establish that

6

exhaustion under CADA must only be considered only in the context of summary judgment, particularly when there are no disputed facts with respect to Ms. Zapata's failure to file an administrative complaint.  Second, this court also respectfully disagrees that the 60-day window within which Ms. Zapata must file a charge of discrimination artificially restricts the two-year statute of limitations applicable to CADA claims.  Ms. Zapata relies on *Galvan v. Spanish Peaks Regional Health Center*, 98 P.3d 949, 951 (Colo. App. 2004), for this proposition.  But *Galvan* dealt with a claim under Colo. Rev. Stat. § 24-34-<u>402.5</u>, and the court held that a two-year statute of limitations applies to such claims because § 24-34-402.5 provides that the "sole remedy . . . is a suit for damages in district court," meaning the legislature intended to exclude only these claims from the six-month window for filing a charge of discrimination under § 24-34-403.  *See Galvan*, 98 P.3d at 951.  Ms. Zapata does not assert a claim under § 24-34-402.5, and thus *Galvan* is inapposite.

As to Ms. Zapata's argument that she need only exhaust her administrative remedies if filing in state court, I respectfully conclude that Ms. Zapata must exhaust her administrative remedies before filing suit in either state <u>or</u> federal court.  Two reasons support this conclusion.

***First***, though not argued by the parties, the case law provides that "[a]s to state law claims, a federal court must apply the state's substantive law regarding exhaustion of administrative remedies."  *Kansas City, Kan. Fraternal Order of Police, Lodge No. 4 v. City of Kansas City, Kan.*, 620 F. Supp. 752, 760 (D. Kan. 1984) (citing *Transcontinental & Western Air, Inc. v. Koppal*, 345 U.S. 653, 656 (1953)).  In *Transcontinental & Western Air, Inc. v. Koppal*, the Supreme Court of the United States held that a plaintiff must

exhaust his administrative remedies under his employment contract prior to suing his employer if the contract provides administrative remedies and state law requires exhaustion prior to bringing suit.  345 U.S. at 660-62.  As discussed, Colorado law requires a plaintiff to "exhaust [her] administrative remedies for claims brought pursuant to [CADA]."  *Brooke*, 906 P.2d at 72.

Moreover, Ms. Zapata invokes the court's jurisdiction over her CADA claim pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 and diversity jurisdiction under 28 U.S.C. § 1332.  *See* [#1 at ¶ 5].  Either way, state substantive law applies.  When exercising supplemental jurisdiction over a state law claim, a federal court must apply state substantive law and federal procedural law.  *Felder v. Casey*, 487 U.S. 131, 151-52 (1988).  Federal courts sitting in diversity must also apply the substantive law of the forum state, but federal procedural law pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  *See Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1277 (10th Cir. 2011) ("This policy serves to satisfy the twin aims of the rule in *Erie*, which is to discourage forum shopping and avoid the inequitable administration of the laws.").   A state law is substantive when "applying the law will significantly affect the outcome of the litigation[;]" and "when state law creates a cause of action, it also defines the scope of that cause of action[,]" including "the applicable burdens, defenses, and limitations."  *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1164-65 (10th Cir. 2017).

Claim 3 of Ms. Zapata's Complaint asserts a violation of CADA, in doing so, this court must apply CADA's exhaustion requirements even though Plaintiff filed suit in federal court rather than state court.  *Cf. Ford v. GEO Grp. Inc.*, No. CIV-15-1007-R, 2017 WL 3951606, at *2 (W.D. Okla. Sept. 8, 2017) (dismissing the plaintiff's state law claim in

diversity action because the plaintiff failed to comply with the state law's notice provision that was a condition precedent to bringing suit); *Lauwrier v. Garcia*, No. CV1207381MMMSHX, 2013 WL 11238497, at *6 (C.D. Cal. Mar. 8, 2013) ("A state statute relegating particular state law claims to an administrative forum is substantive law," and thus the plaintiff was required to exhaust state administrative remedies prior to suing in federal court); *City of Rome v. Hotels.com, LP*, No. 4:05-CV-0249-HLM, 2008 WL 11379976, at *2 (N.D. Ga. Sept. 8, 2008) (explaining that under *Erie*, "a state finding that exhaustion of administrative remedies was a prerequisite to a court exercising subject matter jurisdiction was substantive rather than procedural, and therefore must be applied in federal diversity actions.").

While acknowledging that several courts in this District require a plaintiff to exhaust her administrative remedies under CADA even when filing suit in federal court, Ms. Zapata attempts to distinguish those cases.  *See* [#28 at 2-3].  Although Plaintiff is correct that some of the cases Defendants rely upon are procedurally distinguishable, several courts in this District to consider CADA claims filed directly in federal court have required a plaintiff to exhaust her administrative remedies, consistent with the conclusion above.[3] *E.g.*, *Aluru v. Anesthesia Consultants*, 176 F. Supp. 3d 1116, 1124 & n.5 (D. Colo. 2016) (holding that the plaintiff's failure to mention a discrete act of discrimination in her charge of discrimination before the division constituted a failure to exhaust; noting, "The administrative exhaustion requirements provided by Title VII apply with equal force to

---

[3] This court may look to documents subject to judicial notice in deciding a motion to dismiss, *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010), including records from related cases or matters open to the public, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

claims under CADA"); *Bank*, 4 F. Supp. 3d at 1242 (holding that the plaintiff's failure to name the defendant on her charge of discrimination constituted a failure to exhaust her CADA claim); *Smallwood v. Denver Pub. Sch.*, No. 1:15-CV-00378-RM-CBS, 2015 WL 13730877, at *4 (D. Colo. Dec. 22, 2015) (finding that the plaintiff's failure to receive a notice of right to sue from the division constituted a failure to exhaust her administrative remedies), *rejected in part on other grounds*, 2016 WL 447558 (D. Colo. Feb. 5, 2016); *Conlon v. City & Cty. of Denver, Colo.*, No. 11-CV-02039-RBJ-CBS, 2013 WL 143453, at *7 (D. Colo. Jan. 14, 2013) (holding that the plaintiff failed to exhaust his administrative remedies because he failed to file a charge of discrimination with the division); *Jackson v. City & Cty. of Denver*, No. 11-CV-02293-PAB-KLM, 2012 WL 4355556, at *2 (D. Colo. Sept. 24, 2012) (holding that the plaintiff failed to exhaust his administrative remedies because he did not receive a notice of right to sue from the division); *Worrell v. Colorado Cmty. Bank*, No. 10-CV-00671-ZLW-BNB, 2010 WL 2943487, at *3 (D. Colo. July 21, 2010) (holding that the plaintiff's failure to name the defendant on her charge of discrimination constituted a failure to exhaust her CADA claim).  Plaintiff's failure to exhaust her administrative remedies bars her from asserting Claim 3 in this action.  For the sake of completeness, however, I will address Ms. Zapata's statutory construction arguments.

    ***Second***, Ms. Zapata contends that the language of § 24-34-306(14) referring to "a district court in this state" necessarily limits exhaustion to suits filed only in state court. As Ms. Zapata contends, there does not appear to be a Colorado case (state or federal) directly addressing this specific issue, and thus I must apply "Colorado state law regarding statutory construction in 'endeavoring to predict' how the Colorado Supreme Court would

rule on this question." *Abercrombie v. Aetna Health, Inc.*, 176 F. Supp. 3d 1202, 1206 (D. Colo. 2016).

Under Colorado law, the principal task is to determine the statute's legislative intent.  *Ward v. Allstate Ins. Co.*, 45 F.3d 353, 354 (10th Cir. 1994).  In doing so, courts look to the plain language of the statute—"reading words and phrases in context, giving effect to every word and rendering none superfluous, construing text according to the rules of grammar, and avoiding strained or forced interpretations."  *Kennett v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232, 1241 (D. Colo. 2015) (citations omitted). If the statute is unambiguous, the court's inquiry stops and the court applies it as written. *Planned Parenthood of Rocky Mountains Servs. Corp. v. Owens*, 107 F. Supp. 2d 1271, 1282 (D. Colo. 2000).  If the statute is ambiguous, i.e., capable of two or more interpretations that lead to different results, the court may resort to different tools of construction to ascertain the legislative intent.  *State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000).  For example, courts must read and consider the whole statue and must interpret it to "give consistent, harmonious, and sensible effect to all its parts."  *Id.*  This includes a consideration of the entire statutory scheme.  *Ryals v. City of Englewood*, 364 P.3d 900, 915 (Colo. 2016).

Ms. Zapata argues that § 24-24-306(14)'s use of the phrase "in a district court in this state" "refers to Colorado state district courts, and is not referring to Federal District Court."  [#28 at 2].  But this court respectfully disagrees that this phrase is unambiguous as Plaintiff contends.  Rather, a sensible reading of "in a district court in this state" could encompass the many district courts of the State of Colorado; an equally plausible reading could encompass the United States District Court for the District of Colorado.  *See State*

11

*v. Worth*, 537 N.W.2d 434, 1995 WL 231314, at *2 (Wis. Ct. App. April 20, 1995) (finding that the phrase "court of record in this state" could mean either the Wisconsin state courts or the federal district courts in Wisconsin). Thus, this court cannot simply apply § 34-24-306(14) as written and instead must employ different tools of statutory construction to decipher the legislative intent. *See Nieto*, 993 P.2d at 501.

To start, I note that courts in this District have held that § 24-34-306(2)(b)(I)(B), containing the phrase "in a district court in this state," and § 24-34-306(11), containing the phrase "in the district court for the district in which the alleged discriminatory or unfair practice occurred," apply equally to claims filed in state court as to claims filed in federal court. *See, e.g.*, *Robinson v. Reg'l Transp. Dist.*, No. 16-CV-2870-WJM-MJW, 2018 WL 2414866, at *3 (D. Colo. May 29, 2018) ("The absolute bar to filing after ninety days [under Colo. Rev. Stat. §§ 24-34-306(2)(b)(I)(B)-(C)] applies equally in state and federal court."); *Bankston v. Antlers Hilton Hotel*, No. 11-CV-01018-WYD-CBS, 2011 WL 6153024, at *4 (D. Colo. Nov. 3, 2011) (finding that § 24-34-306(11) "provides a period of limitations for the plaintiff's CADA claim, and that period of limitations is applicable to that claim whether the claim is filed in state court or in federal court."); *Fleites v. Pueblo Med. Inv'rs, LLC*, No. CIV 07-CV-02658-REB-MJW, 2008 WL 4371924, at *2 (D. Colo. Sept. 22, 2008) (holding that the time limit in § 24-34-306(11) applies "whether the claim is filed in state court or in federal court."). And while these cases did not conduct a comprehensive statutory interpretation of these subsections, I find them persuasive nonetheless, especially when considering *Arnold v. Anton Cooperative Association*, 293 P.3d 99 (Colo. App. 2011).

In *Arnold*, a division of the Colorado Court of Appeals considered whether § 24-34-603 conferred exclusive jurisdiction on county courts when a plaintiff sought damages for a public accommodation claim under CADA.  *Arnold*, 293 P.3d at 103.  Colo. Rev. Stat. § 24-34-603 reads, in pertinent part, "The county court in the county where the offense is committed shall have jurisdiction in all civil actions brought under this part 6 to recover damages to the extent of the jurisdiction of the county court to recover a money demand in other actions."  Because the Colorado Constitution conferred general jurisdiction over all civil actions on Colorado state district courts unless the legislature explicitly provided otherwise and because other provisions of CADA conferred jurisdiction over such claims on the district courts, the *Arnold* court held that the "county courts have *concurrent* jurisdiction with the district courts over claims for damages under the public accommodation provisions of part 6 of [CADA]."  *Arnold*, 293 P.3d at 104 (emphasis in original).  The *Arnold* court continued that it saw "nothing that would reflect a legislative intent to encourage the filing of multiple suits in multiple courts if an aggrieved party seeks more than one kind of relief for the same public accommodation claim, and such a requirement would be absurd, as it could lead to inconsistent rulings on the same claim." *See id.*

Consistent with *Arnold* (and *Robinson*, *Bankston*, and *Fleites*), I, too, conclude that Plaintiff's interpretation of § 24-34-306(14) would lead to an absurd result and would not comport with the legislature's intent that plaintiffs must exhaust their administrative remedies before bringing suit under CADA.  That is, Plaintiff's interpretation would carve out an exception to CADA's mandatory exhaustion requirements based solely on where the plaintiff filed suit.  *Cf. Kadingo v. Johnson*, No. 15-CV-02835-NYW, 2017 WL

13

3478494, at *11 (D. Colo. Aug. 14, 2017) (rejecting the plaintiff's statutory interpretation of federal Medicaid statutes that would create an exception to such regulations where one did not exist).  Permitting such forum shopping is not evident from CADA's provisions as the phrase "in a district court in this state" does not suggest the legislature's unequivocal intent to limit exhaustion to claims filed solely in state court, and Plaintiff points to nothing in the legislative history to support her position.  *See Arnold*, 293 P.3d at 104; *cf. Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 479 (1981) ("[T]he mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action.").   Rather, the statutory language indicates that a plaintiff must exhaust her administrative remedies regardless of whether she files suit in state court or federal court, as the legislative intent is clear that exhaustion is "a condition precedent to filing suit in district court."  *Conners*, 993 P.3d at 1169 & n.3.

In reaching the above conclusion, this court finds misplaced Ms. Zapata's reliance on *Worth*, 1995 WL 231314, at *2-3, and *Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101, 102 (Tenn. 1964).  In *Worth*, the Wisconsin Court of Appeals considered whether the phrase "court of record in this state" as used in a state law punishing the unlicensed practice of law meant unlicensed in both Wisconsin state courts and federal district courts in Wisconsin.  1995 WL 231314, at *1-2.  The *Worth* court rejected this contention, as it would have been an absurd reading of the statute to limit the State of Wisconsin's ability to regulate unlicensed lawyers in state courts simply because that lawyer could practice in the federal district courts in Wisconsin.  *See id.* at *3 ("Under Worth's interpretation, the power to license in the first instance would be effectively nullified.").  The conclusion in *Worth* makes sense, because reading "court of record in this state" to include federal

14

district courts would carve out an exception to the law that the legislature had not intended.  And as mentioned, a similar result would occur in this case if the court interpreted the phrase "in a district court in this state" under § 24-34-306(14) to mean only state courts.  *See Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004) (explaining that courts will not interpret statutes in a way that leads to an illogical or absurd result).

Similarly, this court finds unconvincing the Tennessee Supreme Court's decision in *Cockburn*, 385 S.W.2d at 102.  There the Tennessee Supreme Court interpreted "court in this state" to mean Tennessee state courts for purposes of a plea of abatement where "two suits . . . involve the identical subject matter and [are] between the same parties and the former suit [is] pending in a court in this state having jurisdiction of the subject matter and the parties."  *Id.*  The Tennessee Supreme Court relied on earlier precedent interpreting this language to mean a Tennessee state court, and recognized the judicial sovereignty of state and federal courts.  *See id.* at 102-03.  But this court fails to see how this supports Ms. Zapata's interpretation of § 24-34-306(14).  In fact, the Tennessee Supreme Court's decision arguably supports this court's conclusion, because the Tennessee Supreme Court recognized that state and federal courts have concurrent jurisdiction over civil actions, *see Cockburn*, 385 S.W.2d at 102-03, thereby suggesting that if a plaintiff must exhaust her administrative remedies prior to filing suit in state court, she must also do so before filing suit in federal court.

Based on the foregoing, I conclude that CADA requires exhaustion of administrative remedies before a plaintiff may file suit in either state court or federal court. Because Plaintiff fails to allege that she filed a charge of discrimination and received a notice of right to sue from the division, *see Brooks v. Denver Pub. Sch.*, No. 17-CV-01968-

REB-MEH, 2017 WL 5495793, at *7 (D. Colo. Nov. 16, 2017) ("A plaintiff exhausts administrative remedies under Colorado law when he receives a right-to-sue notice from the [division]."), CADA bars Plaintiff from asserting Claim 3.  In addition, the time for Plaintiff to file an administrative complaint has long lapsed, and Plaintiff makes no argument in her response that she is excused from exhausting her administrative remedies, other than its alleged inapplicability or that she may file an administrative complaint out of time.  [#28].  Accordingly, it appears that dismissal with prejudice is appropriate.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (stating, "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."). Thus, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED IN PART** and Claim 3 be **DISMISSED with prejudice**.  Notwithstanding this conclusion, I also respectfully **RECOMMEND** that the Motion to Dismiss be **DENIED IN PART** as to Defendants' request for fees, because I do not find that Claim 3 lacked substantial justification, was groundless, vexatious, or brought in bad faith.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1)     Defendants' Motion to Dismiss [#24] be **GRANTED IN PART and DENIED IN PART**;

(2)     Claim 3 be **DISMISSED with prejudice**; and

(3)     Defendants' request for fees be **DENIED**.[4]

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of

DATED: March 15, 2019                    BY THE COURT:

                                         Nina Y. Wang
                                         United States Magistrate Judge

_____

Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).